UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE HALL                                      CIVIL ACTION

VERSUS                                          NO. 16-457

CITY OF NEW ORLEANS ET AL.                      SECTION "N"(2)

## FINDINGS AND RECOMMENDATION

This Section 1983 case was originally filed by counsel[1] on behalf of plaintiff Bruce Hall on January 19, 2016 and automatically referred to a United States Magistrate Judge.  Local Rule 73.2(C).  Plaintiff sued the City of New Orleans "for actions of its correctional facility, the Orleans Parish Prison" ("OPP"), and "for actions of its sheriff's office, the Orleans Parish Sheriff's Office; " Orleans Parish Criminal Sheriff Marlin N. Gusman and OPP inmates Theron Carter and Javon Tapp.  Hall alleged that he was injured when defendants failed to protect him from an attack by the two inmate defendants while he was incarcerated in OPP and to provide medical care for his injuries. He also asserted state law claims of assault and battery against Tapp and Carter.  Plaintiff seeks compensatory and punitive damages, injunctive relief, attorneys' fees and costs. Record Doc. No. 1 (Complaint).

While plaintiff was represented by counsel, the case was placed on my April 20, 2016 call docket, and plaintiff's counsel was ordered to appear and show cause why

---

[1] Plaintiff's counsel was permitted to withdraw almost three months ago, so that plaintiff is now proceeding pro se. Record Doc. Nos. 18, 19.

service had not been completed.  Record Doc. No. 5.  In response to the call docket order, plaintiff's counsel advised the court that summonses had been reissued and service efforts would be recommenced.  The April 20, 2016 call docket was therefore cancelled and marked satisfied.  In addition, I extended the deadline for service pursuant to Fed. R. Civ. P. 4(m) to May 31, 2016.  Plaintiff's counsel was instructed that returns of service on defendants must be filed by that date, failing which a report and recommendation to dismiss the unserved defendants without prejudice might be issued. Record Doc. No. 12.

Thereafter, the Orleans Parish Sheriff's Office was dismissed on motion, Record Doc. Nos. 4 and 13, and returns of service upon defendants Sheriff Gusman and the City of New Orleans were filed in the record.  Record Doc. Nos. 14 and 15.  However, the record continued to reflect no service upon defendants Tapp and Carter, and plaintiff's counsel had been allowed to withdraw.  Record Doc. Nos. 18 and 19.  Thus, plaintiff himself was ordered to appear before me on July 13, 2016, to report not only on his failure to serve Tapp and Carter, but also on the status of his representation.  Record Doc. No. 20.

Plaintiff failed to appear as ordered on July 13, 2016.  Accordingly, plaintiff was again ordered to appear and show cause on August 10, 2016, why he failed to appear as previously ordered on July 13, 2016, and why his case should not be dismissed with prejudice for failure to prosecute.  Plaintiff was instructed in the court's order that failure

again to appear would result in a report and recommendation that his case be dismissed for failure to prosecute.  Record Doc. No. 21.

By letter dated July 19, 2016, plaintiff advised the court of his correct address.[2] Record Doc. No. 23.  Accordingly, plaintiff was then advised at the proper address provided by plaintiff of the court's previous order setting a hearing on August 10, 2016. Plaintiff was also instructed that failure to appear on August 10, 2016, may result in issuance of a report and recommendation that his case be dismissed for failure to prosecute.  Record Doc. No. 24.  Plaintiff again failed to appear as ordered on August 10, 2016.  The record continues to reflect that Hall is unrepresented and that two defendants, Tapp and Carter, remain unserved.

In an effort to provide plaintiff with another opportunity to appear in response to the court's orders and to provide information necessary to proceed, another hearing was set before me on September 7, 2016.  Notice was again provided by the Clerk to Hall's more recently provided address.  Plaintiff was again required to appear and show cause why he had failed to appear on August 10, 2016 and at the earlier hearings, and why his case should not be dismissed with prejudice for failure to prosecute.  Once again, plaintiff was instructed in the court's order that failure to appear would result in a report and

---

[2] Plaintiff's letter, Record Doc. No. 23, revealed that the address for plaintiff provided to the court by plaintiff's former counsel in his motion to withdraw, Record Doc. No. 18, was incorrect. The letter was unclear as to whether it was signed and submitted by plaintiff himself or by his father of the same name.

recommendation that his case be dismissed for failure to prosecute.  Record Doc. No. 25.
Plaintiff again failed to appear as ordered on September 7, 2016.

In addition to the court's orders requiring plaintiff to appear and provide information concerning his representation and service of defendants, plaintiff has also failed to file a response to the pending motion to dismiss filed by the City of New Orleans.  Record Doc. No. 17.  Determination of the motion was deferred pending an appearance by plaintiff before the court.  Record Doc. No. 22.  At this writing, plaintiff remains unrepresented and defendants Tapp and Carter remain unserved.  Plaintiff continues to fail to participate or cooperate.

No mail from the Clerk addressed to plaintiff at either address providing plaintiff with the court's various orders has ever been returned to the court.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989);  Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is

in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide information necessary to prosecute plaintiff's case or even an indication that he is interested in doing so.  Plaintiff's failure to comply with the court's June 23, July 13, August 4 and 10, 2016 orders clearly reflects a failure on the part of plaintiff to prosecute.  This record of several failures to comply with the court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

- 5 -

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.  It is further suggested that the plaintiff should also provide the court with the information concerning his representation, if any, service information for the unserved defendants, and any response to the City's motion to dismiss, as requested in the court's previous orders.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v.</u>

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the complaint of Bruce Hall be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____ 12th _____ day of September, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.